EMMA HOGGETT v. STATE.

[57 South. 811.]

1. CRIMINAL LAW. *Suspension of Sentence. Void provisions. Powers of Court.*

Suspending the imposition of a sentence is nothing more than a continuance of a case after plea or verdict of guilty for sentence at a later time and one who does not object to the suspension of sentence, cannot complain at a subsequent term that the court has no authority to suspend sentence, and that by so doing it lost jurisdiction to proceed.

2. SAME.

A proviso in the order of the court suspending a sentence, that the accused leave and remain out of the county is void.

3. SAME.

A court has no power to indefinitely suspend the imposition of a sentence after plea or verdict of guilty where the court fails to impose sentence the case remains in the same attitude as if it had simply been continued for sentence with accused's consent.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.

Emma Hoggett was convicted of unlawful retailing. The sentence of the court was suspended for a while and at the next term of the court imposed, and she appeals. The facts are stated in the opinion of the court.

*J. E. Davis,* for appellant.

I most respectfully submit that the judgment of the lower court is illegal and void, and that this cause should be reversed, and the defendant discharged. The court has no power to arbitrarily exile a person. It is beyond the scope of his "broad discretion to banish a person to a foreign jurisdiction." The original judgment in this case "suspended sentence provided defendant leaves and

remains away from Forrest county, Mississippi, and pay all costs." The costs were paid. The latter judgment, imposing a fine does not indicate that there was any legal evidence before the court of the defendant's failure to comply with the former order. The same is therefore void. 23 Cyc. 684, par. E.

It is a mere nullity, 23 Cyc. 681, and in the consideration of the fact by the court, the appellant was entitled to be confronted with the witnesses against her; and she should have been granted an opportunity to show by competent evidence whether the said former order had not been violated, even admitting that the court had the right to pronounce the judgment, which we deny.

The punishment pronounced by the sentence must, of course, be that which the law provides for the particular crime charged against the defendant. 21 Am. and Eng. Ency. of Law, 1076.

There is no law or precedent granting a court the power to impose such sentence and to render such a judgment as appears to have been done in this case. The sentence is void because it is for an indefinite time. 21 Am. and Eng. Ency. of Law, 1082.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

This is an appeal from the circuit court of Forrest county. Appellant was indicted for the unlawful sale of intoxicating liquors, plead guilty, and sentence suspended, upon payment of costs, under condition. The condition was broken and the court at a subsequent term of court, imposed the suspended sentence, from which judgment and sentence this appeal is taken. The points of law in this case are identical with those in the case of Bossie Hoggett, 101 Miss. 272, and I beg to refer your honorable court to a consideration of the state's brief in that case.

SMITH, J., delivered the opinion of the court.

Appellant having entered a plea of guilty to an indictment charging her with the unlawful sale of intoxicating liquor, the court, instead of imposing sentence immediately, ordered that the same be suspended, "provided the defendant leaves and remains away from Forrest county, Miss." At a later term of the court, on motion of the district attorney, sentence was imposed upon appellant on this plea entered at the former term. From this last judgment this appeal is taken.

Her complaint is that the court was without authority to suspend the imposition of the sentence, and that by having done so it has lost jurisdiction to proceed further in the cause, and that, if mistaken in this, the second judgment was entered without any evidence being introduced tending to show that she had failed to leave and remain away from Forrest county. Suspending the imposition of a sentence is nothing more than a continuance of a case after plea or verdict of guilty for sentence at a later time. It is unnecessary for us to decide what the rights of appellant would have been, had the court below arbitrarily and over her objection continued her case after her plea of guilty had been entered for sentence at a subsequent term, for the reason that appellant did not object to this course being pursued, and, consequently, she cannot now complain thereat. "*Concensus tollit errorem.*" *Gibson* v. *State,* 68 Miss. 241, 8 South. 329.

The proviso contained in the order suspending the sentence was void. What was this day said in the case of *Fuller* v. *State,* 57 South. 806, relative to the power of a court to suspend the execution of a sentence, applies with equal force to the power of the court to indefinitely suspend the imposition of a sentence after plea or verdict of guilty. The case remained in the same attitude, therefore as if had simply been continued for sentence with appellant's consent.

It does not appear that appellant was induced to plead guilty by reason of any expectation on her part that the imposition of sentence would be suspended. What her rights, therefore, would have been, in that state of case, is not here involved.                    *Affirmed.*

*Suggestion of error overruled.*