[Criminal No. 730.   Filed December 1, 1930.]

[293 Pac. 23.]

D. E. SMITH, Appellant, v. STATE, Respondent.

Mr. John W. Ray, for Appellant.

Mr. K. Berry Peterson, Attorney General, for the State.

LOCKWOOD, C. J.—The defendant was convicted in the superior court of Maricopa county of a violation of the provisions of section 4780, Revised Code of 1928. The record in the superior court was duly brought to this court, but counsel have filed no briefs in support of the appeal. We have therefore examined the record for fundamental error only.

It appears therefrom that the information properly charges a public offense under section 4780, *supra,* that the verdict of the jury found the defendant guilty of the offense charged in the information, and that all proceedings were regular up to the time of sentence. When the defendant appeared for sentence, the court imposed sentence as follows (quoting from the transcript of record):

"The Defendant being asked if he had any legal cause to show why judgment should not be pronounced against him; and no sufficient cause being shown or appearing to the Court, thereupon the Court renders its Judgment: That, whereas, you D. E. Smith having been found guilty in this Court of the crime of Removing Property Covered by Defeasible Contract of Sale, a Felony, it is found by the Court that you are so guilty of said crime, and that you shall be punished therefor by the payment of a fine of $750.00.

"And it appearing to the Court that the ends of Justice will be subserved if sentence be not imposed upon said defendant at this time and defendant placed upon probation.

"It is therefore ordered, adjudged and decreed according to the statutes of the State of Arizona, in

such case made and provided, that the passing of sentence in this cause committing you D. E. Smith, to the State Penitentiary, at Florence, Arizona, be suspended for a term of One (1) year from date, and that you D. E. Smith be placed on probation under the charge and supervision of the Adult Probation Officer of this Court, and that you D. E. Smith shall be permitted to go at large, upon the condition that you pay the fine; and that you conduct yourself as a law abiding Citizen.''

The penalty fixed for a violation of section 4780, *supra,* is either fine or imprisonment or both. It is evident from the foregoing quotation from the record that the defendant was sentenced only to pay a fine, no alternative of imprisonment for failure to pay such fine being fixed as part of the sentence. We have held that a sentence of this kind creates merely a civil judgment against the offender to be collected in like manner as other civil judgments, and that he cannot be imprisoned for failure to pay the judgment. *Dunbar* v. *Territory,* 5 Ariz. 184, 50 Pac. 30; sec. 5116, Rev. Code 1928. The trial court apparently had the idea that in some manner it would provide that, if the fine was not paid, the defendant would later be sentenced to imprisonment for some period not then determined or fixed by the court, and added to its sentence the last two paragraphs above quoted.

The right of the court to suspend the pronouncing or execution of a sentence in a criminal case is regulated by statute, and can only be exercised in accordance with the terms of the statute. The circumstances under which either may be done are set forth specifically in section 5105, Revised Code of 1928, and we have construed in the case of *State* v. *McKelvey,* 30 Ariz. 265, 246 Pac. 550, that same section.

In the case at bar the court specifically imposed a sentence of a fine without providing, as it might have done, under section 5110, Revised Code of 1928, that the payment of the fine be enforced by imprison-

ment. It then attempted to provide for suspending the imposition of an additional sentence of imprisonment. This cannot be done. A court may not impose a definite and specific sentence and at a later date add thereto. *People* v. *Felker,* 61 Mich. 110, 27 N. W. 869; *In re Beck,* 63 Kan. 57, 64 Pac. 971; *In re Newton,* 94 Ala. 431, 10 South. 549.

The portion of the judgment quoted referring to probation and the suspension of the passing of sentence of imprisonment is void and of no effect. This, however, does not affect the validity of the legally imposed fine, and the judgment is modified by striking therefrom the last two paragraphs, and, as so modified, is affirmed.

McALISTER and ROSS, JJ., concur.