258 P.2d 409

**STATE v. BIGELOW.**

No. 1036.

Supreme Court of Arizona.

May 26, 1953.

Wm. P. Mahoney, Jr., County Atty., and James H. Green, Jr., Deputy County Atty., Phoenix, for the State.

Harold E. Whitney, of Phoenix, for defendant.

PHELPS, Justice.

This cause comes to us under the provisions of section 44–2401, A.C.A.1939. There have been certified to us the following questions of law for our determination:

"1. Upon a conviction of defendant on a second or subsequent violation of Section 66–156, Arizona Code Annotated 1939 (Laws, 1950, First Special Session, Chapter 3, Section 54), is the Superior Court of the State of Arizona in and for the County of Maricopa empowered to suspend sentence?

"2. Upon a conviction of a person for violation of the section hereinabove referred to (driving an automobile while under the influence of intoxicating liquor with prior conviction) is it mandatory upon the Court to impose as its sentence an actual imprisonment of that person in the county jail for a period of not less than ninety (90) days?

"3. If a person be convicted of driving an automobile while under the influence of intoxicating liquor on a second or subsequent conviction under the Laws of 1950, First Special Session, Chapter 3, Section 54, does the provision of Section 66–156, Arizona Code Annotated 1939, paragraph d, reading as follows:

" ' * * * On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than 1 year in the county jail, and, in the discretion of the court, a fine of not more than $1,000.00.'

make it mandatory upon the judge of the Superior Court to impose a jail sentence?

"4. If jail sentence be mandatory upon a conviction under said law, is the Superior Court empowered to sentence a person so convicted to jail with the provision that such sentence be served at interrupted periods; that is to say, can the sentence of ninety (90) days be imposed upon the defendant to be served and completed by that person going to jail only on certain days of each week?"

Section 66–156, Cum.Supp.1952, makes it unlawful for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within the state and subsection (d) thereof provides:

"(d) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than 10 days nor more than 6 months, or by fine of not less than $100.00 nor more than $300.00, or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than 1 year in the county jail, and, in the discretion of the court, a fine of not more than $1,-000.00."

It is to be noted by the specific provisions of the foregoing section that on second or subsequent convictions the defendant shall be punished by imprisonment for not less than 90 days nor more than one year and in addition thereto, in the discretion of the court, by a fine of not more than $1,000. Patently, if imprisonment is to be meted out there is a minimum and a maximum. Likewise, if there is superimposed a fine there is a minimum and a maximum.

The power vested in the court to grant probation upon conviction of any public offense is found in section 44–2229, A.C.A. 1939, which reads as follows:

"After plea or verdict of guilty, where discretion is conferred upon the court as to the extent of the punishment, the court, upon oral suggestions of either party that there are circumstances in aggravation or mitigation of the punishment, may, in its discretion,

hear the same summarily at a specified time and upon such notice to the adverse party as it may direct. If it shall appear that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court shall have power, in its discretion, to place the defendant upon probation in the manner following:

"1. The court, judge or justice thereof, may suspend the imposing of sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, which may be imposed, and upon such terms and conditions as it shall determine, and shall place such person on probation, under the charge and supervision of the probation officer of said court during such suspension." (Section 44–2222, A.C.A. 1939, provides that the court may on its own motion, make the above investigation.)

This is a general section applicable upon conviction of any public offense. By its terms the court is empowered to grant probation in any case "where discretion is conferred upon the court as to the extent of the punishment". As pointed out above, the statute providing the penalty on second or subsequent convictions of drunk driving provides the extent of the punishment, i. e., a maximum and a minimum, which language vests a discretion in the trial court, as to the extent of the punishment.

By the express provisions of this statute conferring upon the judge the power to grant probation the court is expressly admonished that if it is of a mind to consider probation, it shall take into consideration any circumstances in mitigation of the punishment that might exist, or any other circumstances tending to show that the ends of justice would be subserved by granting probation. This all contemplates that the court will exercise a sound discretion in the premises, keeping in mind punishment where it is deserved, the protection of the public, the probability of the defendant offending again, and the rehabilitation of the defendant. It should be remembered that the right of the public to protection from injury and death in its use of the public highways transcends the rights of any individual citizen and if it appears *probable* that a defendant convicted of drunk driving a second time will repeat the offense, the interest of the public should not be ignored.

In speaking of the discretion vested in the trial court to grant probation we said in Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569, 574, that:

"* * * There are no rules prescribed as to when this discretion shall be exercised, or as to what evidence is necessary to satisfy the trial judge that the case is a proper one for its exercise. Indeed, it would be almost impossible to present a case which would

justify this court in finding that the trial court had abused its discretion in regard to whether sentence should be suspended or not. * * * "

Nevertheless we desire to point out to the trial courts that the legislature in fixing the penalty for second and subsequent convictions for drunk driving prescribed a more severe penalty. This undoubtedly for the reason, which is a matter of common knowledge, that an automobile, driven by a person under the influence of intoxicating liquor, is a dangerous instrumentality which is capable of maiming and wasting human life—often the bodies and lives of innocent and unsuspecting persons. It would seem that second and subsequent offenders of this law are unconscious of their dangerous potentialities or are so debased that they don't care.

We believe these considerations prompted the legislature to enact section 66–156, supra, but in view of the fact that the legislature, at that time, repealed section 66–402, A.C.A.1939, which expressly made it mandatory upon the trial court to impose a jail sentence of not less than 30 nor more than 90 days for a first offense of drunk driving and having failed to expressly incorporate a similar mandate in the amended act we are of the opinion that it did not intend to divest the trial court of the discretion vested in it under the provisions of section 44–2229, supra, to suspend sentences.

■ Until the legislature deems it proper to make it mandatory upon the trial judge to impose a jail sentence for conviction of driving an automobile while under the influence of intoxicating liquor with previous conviction, the conscience of the trial judge under his oath of office, and his responsibility to the people of the state, constitute the only restraint against abuse of this discretion. With reference to questions, one, two and three, we hold that the superior court is empowered to suspend sentences in such cases, and if a jail sentence is imposed it must be for a period of not less than 90 days.

■ With respect to the fourth question, we are unable to find any authority under a statute similar to ours justifying the imposition of judgment and sentence providing for intermittent incarceration for any offense. The superior courts of the state have such powers as have been conferred upon them by the constitution and statutes of the state plus such common-law powers as are exercised by courts of similar character under the common law. If the crime did not exist at common law the superior court is limited to its statutory or constitutional definition as to what constitutes that particular crime. If it did exist at common law the court may supply any statutory defect in its definition by application of the common-law elements of the particular crime in question. The question here, however, concerns adjective law, administrative in character, but we believe the same rule applies as in substantive law above mentioned. Under our suspended

sentence statute, the court is authorized to suspend the imposition of sentence. With the one exception hereinafter quoted, it may not pronounce judgment and sentence fixing the term of such sentence and then suspend its execution. No power existed in courts at common law to suspend the imposition of sentence.

▮▮ The case of State v. Everett, 164 N.C. 399, 79 S.E. 274, 275, 47 L.R.A.,N.S., 848, cited by the defendant in support of his contention that the courts of this state have inherent power to suspend sentence does not support the contention. In that case the court said:

"The practice of suspending judgment upon terms prescribed has been sanctioned in our courts for a long time, and it seems to have been recognized in England, for in 4 Blackstone, 394, it is said that: 'A reprieve (from reprendre, to take back) is the withdrawing of a sentence for an interval of time, whereby the execution is suspended. This may be, first, ex arbitrio judicis, either before or after judgment, as where the judge is not satisfied with the verdict, or the evidence is suspicious, or the indictment is insufficient, or he is doubtful whether the offense be within clergy, or sometimes, if it be a small felony, or any favorable circumstance appear in the criminal's character, in order to give room to apply to the crown for either an absolute or conditional pardon.' * * *"

It will be observed that this amounts merely to a reprieve, a delay in the imposition of sentence for the purpose of ascertaining additional facts or for the purpose of relief from the crown but is not a suspended sentence in the sense in which our legislature used it in granting authority to the courts to exercise it. Therefore the power of the superior court relating to the suspension of sentences must be found in the statutes of the state. The superior courts of Arizona possess no inherent power to suspend the imposition or execution of sentences in any case. They have inherent power only to delay the passing of sentence for the purpose of further investigation. Varela v. Merrill, supra; Smith v. State, 37 Ariz. 262, 293 P. 23.

▮ The statute fixing the term of punishment for the crime involved here fixes a minimum and a maximum term. Under such statutes the court may impose a sentence for any period of time including the minimum, or any intermediate period between that and the maximum, or it may impose the maximum. When a person convicted of crime has entered upon the execution of a valid sentence the court has no jurisdiction to set it aside and render a new sentence. State v. McKelvey, 30 Ariz. 265, 246 P. 550, 551. It was said in that case:

"There are five possible sentences in a criminal case: (1) Fine with the alternative of imprisonment if it be not paid; (2) fine without such alternative; (3) imprisonment and fine, either

with or without further imprisonment for nonpayment; (4) imprisonment; and (5) the death penalty. From the foregoing quotation [the court referring to a portion of section 44–2229, supra, relating to suspension of sentence] it appears clearly that the only case in which the statute provides for the *execution* of any sentence being suspended is where the judgment is to pay a fine, and that the defendant be imprisoned until it be paid, and this must be done at the time the sentence is imposed. In all other classes of sentences the power of the court under the statute is limited to suspending the imposition of the sentence and not the execution thereof."

We believe the McKelvey case, supra, answers the last question. When a defendant serves one day in jail he has entered upon the execution of the judgment pronounced and the attempt to have the judgment executed by intermittent incarcerations amounts to a suspension of the execution thereof after defendant has entered upon its execution. This can neither be done at the time sentence is imposed or thereafter. If the court may pronounce a sentence in a drunk driving case to be served at interrupted periods, it can impose sentence of incarceration in the penitentiary for 10 to 20 years to be served only during the months of the year that would be most convenient to the defendant. This, of course, would be absurd.

 We therefore hold that the court must either impose one of the sentences as fixed by the statute or he may suspend the imposition of such sentence in proper cases. It has no authority whatever to impose a sentence providing for intermittent incarceration in jail.

The submitted questions are therefore answered as follows: question one, yes; questions two, three and four, no.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.