No. 17,636.

LLOYD SERRA *v.* DUNCAN J. CAMERON
AS MUNICIPAL JUDGE, ETC.
(292 P. [2d] 340)

Decided January 16, 1956.

116

Mr. E. F. CONLEY, for plaintiff in error.

Mr. JOHN C. BANKS, City Attorney, Mr. JOHN D. SAVIERS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to plaintiff in error as Serra, and to the defendant in error as Municipal Court.

On December 1, 1954 Serra was sentenced by the Municipal Court under charges: (1) Assault, and (2) Disturbance. On the assault charge he was sentenced to serve ninety days in jail and for the disturbance he was fined $75 and sentenced to a term of thirty days in jail. The jail sentences were suspended "on condition no further similar offense for one year." On January 4, 1955, Serra was again brought before the Municipal Court for alleged offenses relating to "resistance and interference" and "disturbance." The charge of "resistance and interference" was dismissed and Serra was found guilty of disturbance and was fined $25 and the Municipal Court, after hearing, vacated the previous order suspending sentence dated December 1, 1954. Serra was committed

to jail. The $25 fine was paid. Serra sought an appeal to the Superior Court, which was denied by the judge of the Municipal Court.

Serra later filed a petition in the Superior Court for a writ in the nature of certiorari and sought an order prohibiting the municipal judge from proceeding further "in connection with or by virtue of such judgment" and defendant prayed for his release from custody on bond and such other and further relief as might be proper. A citation was issued to the municipal judge and he in due course certified the record and made return wherein it was admitted that the conditional suspension of December 1, 1954 had been vacated; the legal sufficiency of the Serra petition for certiorari was challenged in the return; the municipal judge denied that no evidence was adduced before him showing a breach of the condition of the suspension order of December 1, 1954, as alleged in the petition for the writ.

In the Superior Court Serra's counsel demanded a trial de novo of all issues in the case heard on January 4, 1955. This the Superior Court denied and after hearing quashed the writ and dismissed the Serra petition for a writ in the nature of certiorari. Serra brings the case here on writ of error.

It is here urged that the Denver ordinance authorizing suspended sentences in the Municipal Court is invalid; that Serra was entitled to a trial de novo in the Superior Court; that the conditions imposed in connection with the suspended sentence were unreasonable and uncertain; that the Municipal Court in its order of January 4, 1955, "failed to follow its own order."

Counsel for Serra concede that the instant writ is not brought pursuant to C.R.S. '53, 79-12-2, which applies to actions in justice courts, but under Rule 106 (4) R.C.P. which provides: "Review [on certiorari] shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion." A trial de novo of the issues in the Municipal

Court could not be had under the provisions of this Rule.

The Denver ordinance relating to the authority of Municipal judges to suspend sentences became effective November 21, 1953. Assuming, but not so deciding, that the Municipal Court was without authority to suspend the original sentence or any part thereof, the subsequent incarceration of Serra would still be lawful.

If a trial court attempts to stay execution of a jail sentence upon the condition that the defendant properly demean himself for a given time, and it is later determined that said trial court did not have the authority to issue such an order, the original jail sentence is not thereby vitiated and the defendant entitled to his discharge from custody because such suspension order is void.

*In Re Nottingham,* 84 Colo. 123, 268 Pac. 587, was a case where Nottingham entered a plea of guilty to a charge of carrying concealed weapons. He was sentenced to a term of six months "from this date." Without objection on the part of Nottingham the trial court undertook to suspend sentence during good behavior by adding these words to the sentence imposed: " * * * and it is further considered by the court that the sentence to jail be suspended pending good behavior from this date to the first day of January, A. D. 1929. That on any disturbance created or engaged in by the said defendant, he be confined for the full period of his sentence." In January, 1928, in the same court a jury found Nottingham guilty of assault and battery and he was fined $10; at the same time the court made a finding in the former case that: "Nottingham had violated the terms and provisions of his parole" and ordered that "he be confined in jail for the period of the sentence theretofore imposed." Pursuant to this order a mittimus was issued and Nottingham was taken into custody. He sought release thru a writ of *habeas corpus.* On error to this court it was held that Nottingham was not entitled to discharge from custody. We there said: "The invalidity

of the attempt to suspend execution of the sentence does not affect the validity of the sentence of imprisonment; that the sentence may be enforced even after the expiration of the Court term, and even after the expiration of six months from the date of sentence, which was the time of imprisonment specified in the sentence."

The court quoted from 16 C.J. p. 1335, as follows:

"According to the weight of authority, however, where the court makes an unauthorized order suspending the execution of the sentence it does not prevent the subsequent enforcement thereof, because the validity of the judgment is not affected by such order, even though it is made a part of the judgment imposing the sentence, and may be enforced at any time after its rendition so long as it remains unexecuted, either before or after the term of court when it was imposed. While a defendant sentenced to a term of imprisonment is entitled to immediate incarceration, yet, if he does not object to the suspension of execution by the court, the judgment during such suspension remains unexecuted, and can be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. Thus the expiration of the time without imprisonment is in no sense an execution of the sentence; and while defendant is at large under a void order suspending execution of sentence, to which suspension he does not object, he is in the same situation as one who escapes, and may be ordered into custody upon the unexecuted judgment."

The defendant in the instant case takes exactly the same position to which reference is made in the Nottingham case, supra, where we said: "Nottingham, by committing an assault and battery, proved unworthy of the confidence reposed in him, undeserving of the leniency shown by the court. He now takes the position that the court had no right to show him that consideration — no power to suspend sentence; that he should have been imprisoned at once; *and that because he was not im-*

*prisoned forthwith, he cannot be imprisoned at all.* As we have seen, the law does not sustain his contention." (Emphasis supplied.) See, also, *Mann v. People,* 16 C.A. 475, 66 Pac. 452.

■ Serra, plaintiff in error, did not object to the order of suspension which he now claims was void. The record shows his signed receipt for a copy of the suspension order. Even if we assume that the Municipal Court was without authority to suspend the execution of the sentence imposed in December, 1954, we may with propriety alter the language in the Nottingham case, supra, and say: The imprisonment of Serra is by virtue of the valid sentence of December 1, 1954, not of the void order of January 4, 1955. Hence the original sentence remains unexecuted and can be satisfied only by the defendant's imprisonment for that period of time.

■ Where a suspension of the sentence imposed is void, the defendant may request the immediate execution of the judgment upon him, and in the absence of such request he must be presumed to have consented to the delay in executing sentence and cannot complain thereof. *Miller v. Aderhold,* 288 U.S. 206.

Where a void suspension of sentence has been ordered, the defendant has a right to move for immediate execution thereof; and if he does not so move, he must be deemed to have assented to the delay. *In re Nottingham,* supra; *ExParte Thornberry,* 300 Mo. 661, 254 S.W. 1087; *Hoggett v. State,* 101 Miss. 269, 57 So. 811.

■ According to the great weight of authority, where sentence has been pronounced but a void order has been entered suspending the execution thereof, the defendant may be required to pay his suspended fine or serve his suspended term in prison notwithstanding the entry of an unauthorized order suspending the execution of the sentence. These cases hold that the defendant may be required to serve a sentence of imprisonment even after the lapse of the period which he would have served, since such sentence is satisfied, not by the

lapse of time, but by the actual service of the sentence in jail. For all practical purposes the defendant in such a case is in the position of one who has escaped from prison during the period that he is at liberty under suspension of the execution of the sentence. The states so holding include Arizona, Arkansas, California, Connecticut, Florida, Georgia, Idaho, Indiana, Iowa, Kentucky, Louisiana, Mississippi, Missouri, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Washington and West Virginia.

The courts of Kansas and Oklahoma have held otherwise.

In *Ex parte United States, Petitioner,* 242 U.S. 27, it was held that mandamus, out of the Supreme Court of the United States, is a proper remedy for enforcing a sentence where the Federal District Court which pronounced it has defeated its execution by an ultra vires order of suspension of sentence. There, the United District Court ordered that execution of the sentence be suspended "during the good behavior of the defendant," the effect of which could have been to exempt defendant permanently from the punishment provided by the act under which he was convicted. It was held that such a suspension of execution was beyond the power of the trial court, which, in the mandamus action was ordered to enforce its judgment in accordance with the sentence imposed.

In the instant case the defendant was not permanently and absolutely exempted from punishment. He was brought into the Municipal Court about thirty days after the original sentence was imposed, and upon the adjudication of his guilt the order of suspension was vacated. How Serra was prejudiced under these circumstances, we fail to perceive.

In *Ex parte Taylor,* 140 Cal. App. 102, 34 P. (2d) 1036, Taylor sought a writ of habeas corpus. He was sentenced to the "County jail * * * for the term of ninety days, to

122

be served from 7:00 p.m. of Monday to 6:00 p.m. of Wednesday." Taylor claimed this was a void sentence. The District Court of Appeals of the Second District held: "The sentence to the county jail for 90 days is valid, but the instruction to the sheriff to free the prisoner several days of each week was an attempt to grant periods of suspension from the sentence imposed and is void."

The facts in *Holland v. McAuliffe,* 132 Colo. 170, 286 P. (2d) 1107, are distinguishable from the situation presented in the instant case.

We have considered the other points urged for reversal and find them to be without merit.

The judgment is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE MOORE dissent.