Joseph N. **PETE**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 290.

Supreme Court of Alaska.

March 16, 1963.

Harris R. Bullerwell, Taylor & Bullerwell, Fairbanks, for appellant.

Robert C. Erwin, Dist. Atty., Fairbanks, for appellee.

Before. NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The defendant, Pete, pleaded guilty to complaints charging him with a number of misdemeanors. A district magistrate court sentenced him to one year in jail and imposed fines totaling $1,500. The court then suspended ten months of the sentence of imprisonment and $1,000 of the fines on condition of good behavior for one year. Before the year was out defendant was convicted of disorderly conduct and resisting arrest. Following this conviction, the magistrate court revoked six months of the ten month suspension and defendant was returned to jail. The magistrate's action was upheld by the superior court, and defendant has appealed to this court. He argues that the magistrate court had no authority to revoke the suspension because it lacked the power to suspend the sentence in the first instance.

The state magistrate courts were created in 1959 [1] and assumed their jurisdiction on February 20, 1960.[2] They were initially

1. SLA 1959, ch. 184 (AS 22.15.010–270).

2. Hobbs v. State, 359 P.2d 956, 958 (Alaska), cert. denied, 367 U.S. 909, 81 S.Ct. 1923, 6 L.Ed.2d 1250 (1961); State v. Linn, Opinion No. 47, 363 P.2d 361, 363 n. 7 (Alaska 1961).

authorized to suspend sentences by reason of a statute enacted prior to statehood which said that "any court having jurisdiction to try offenses against the Territory of Alaska * * * may suspend the imposition or execution or balance of the sentence and place the defendant on probation * * *." [3] This statute was amended on April 11, 1960 by deleting the language "any court having jurisdiction to try offenses against the Territory of Alaska" and substituting the words "the Superior Court." [4] The interpretation that must be attributed to the amendment is that the authority to suspend sentences was intended to be thereafter restricted to the superior court. Magistrate courts no longer were permitted to exercise that jurisdiction. This was the status of the law when defendant's original sentence was imposed on August 11, 1961. At that time the magistrate court had no power to suspend any portion of the sentence, and the attempted exercise of that power was without legal effect.[5]

■ The state argues that apart from statute the magistrate court possessed an inherent power to suspend a criminal sentence, and therefore had power to revoke the suspension. We disagree. The power to suspend sentences is not inherent in the judicial branch of government; the power exists only when conferred upon the judiciary by the legislature.[6]

■ Since the attempt to suspend defendant's sentence was ineffectual, there was nothing that the subsequent order of revocation could act upon. Therefore, the magistrate court's order of June 13, 1962, revoking six months of the suspended sentence, was without effect. To the extent that the sentence of imprisonment and to pay fines remains unexecuted, it stands and is enforceable.[7]

■ The magistrate had acted in good faith under the mistaken belief that he possessed the authority to suspend the sentence. This mistake was understandable since the Magistrates' Handbook, prepared by this court for the guidance of magistrates in the exercise of the duties of their office, stated that magistrate courts were authorized to suspend sentences in whole or in part.[8] The handbook had been prepared prior to the 1960 legislative act which restricted the power to suspend to the superior court, and by inadvertence it was not amended to reflect this change in the law.

3. Section 66–16–31 ACLA 1949, as amended, SLA 1957, ch. 37. Although this statute was enacted while Alaska was a Territory, it became the law of the State by virtue of art. XV, § 1 of the constitution which provides: "All laws in force in the Territory of Alaska on the effective date of this constitution and consistent therewith shall continue in force until they expire by their own limitation, are amended, or repealed."

4. SLA 1960, ch. 105, § 6.

5. The statute was again amended in 1962 to restore to the magistrate courts the authority to suspend sentences. SLA 1962, ch. 34, § 8.08 (AS 12.55.080), effective January 1, 1963, provides: "Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, any court, when satisfied that the ends of justice and the best interest of the public as well

as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or any portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best."

6. Affronti v. United States, 350 U.S. 79, 80, 76 S.Ct. 171, 100 L.Ed. 62, 65 (1955); Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916); Rightnour v. Gladden, 219 Or. 342, 347 P.2d 103, 106–107 (1959) in which other state decisions on the subject are cited; State v. Bigelow, 76 Ariz. 13, 258 P.2d 409, 412, 39 A.L.R.2d 979, 983–984 (1953).

7. Dawson v. Sisk, 231 Iowa 1291, 4 N.W. 2d 272, 275–277, 141 A.L.R. 1219, 1222–1225 (1942); Serra v. Cameron, 133 Colo. 115, 292 P.2d 340, 341–342 (1956); Annot., 141 A.L.R. 1225 (1942).

8. Magistrates' Handbook, page 132.

In view of the magistrate's action in attempting to suspend ten months of a one year sentence of imprisonment and $1,000 of fines totaling $1,500, it seems obvious that had he been aware of his lack of authority to suspend, that the total sentence would have been less than that imposed. In these circumstances, the case should be remanded to the magistrate court in order that a reduction of sentence may be considered in accordance with Cr.R. 35(a).

The judgment appealed from is reversed. The case is remanded to the superior court with directions for remand to the magistrate court for further proceedings in accordance with this opinion.