No. 22510.

THOMAS EARL GEHL *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(423 P.2d 332)

Decided February 6, 1967.

536

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, PAUL D. RUBNER, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as Gehl, entered a plea of *nolo contendere* to a charge of grand larceny. Another count in the same information accused him of burglary but that count was dismissed. Upon entry of the plea of *nolo contendere* the district court suspended the imposition of sentence and placed the defendant on probation for a period of three years. At all times involved in the foregoing Gehl was represented by counsel. About twenty-three months later the defendant was arrested for violation of the conditions of his probation, and a petition for revocation thereof was filed on February 11, 1966. At the hearing held on this petition Gehl himself admitted acts in violation of his probation, and other evidence was also presented. The court revoked the order granting probation. On February 14, 1966, Gehl was sentenced to the penitentiary for not less than two nor more than five years.

On May 10, 1966, Gehl filed a motion, under the provisions of Colo. R. Crim. P. 35(b), in which he asserted:

(1) That the trial court was without authority to impose a two to five year sentence, for the reason that such sentence extended beyond the period when the three years probation would have expired;

(2) that "he was not brought before the court within

538

ten days from the time the probation officer was informed of the so-called violation, as is prescribed by CRS '63 39-16-9"; and

(3) that he "was not informed of his rights at the time of the hearing for revocation of probation nor was he given the privilege of having Counsel, or the opportunity to make a defense of any kind."

A hearing was had on this motion and on May 20, 1966, it was denied.

We consider the points relied on by Gehl in the order above mentioned. With reference to point (1) we hold that the granting of probation is not the imposition of sentence nor its equivalent, and time served on probation need not be credited against a sentence imposed upon revocation. Under C.R.S. 1963, 39-16-6 (1), the court has the power, "* * * to suspend the imposition or execution of sentence for such period and upon such terms and conditions in conformity with this article as it may deem best." Under C.R.S. 1963, 39-16-9 (2), "In the event probation is revoked the court may impose any sentence which might originally have been imposed." The court therefore acted properly in initially suspending the imposition of sentence and had full authority thereafter to impose a sentence within the minimum and maximum term provided by statute for the crime of grand larceny.

With reference to point (2) above, it is sufficient to say that C.R.S. 1963, 39-16-9 (1) requires only that, after a suspected probationer is arrested by a probation officer, "* * * within ten days thereafter such officer shall complete his investigation," and that if a violation is found, under C.R.S. 1963, 39-16-9 (2), the judge of the court to which report is made, "* * * within fifteen days shall conduct a hearing * * *." There is no requirement in the law that a suspected probation violator must be brought before a court within ten days of the time the probation officer becomes aware of a

violation. We hold that all time limitations in the statute were complied with.

Point (3) raises questions which require separate analysis. First, it is suggested that Gehl was given no information concerning "his rights at the time of the hearing for revocation of probation," and that he was given no "opportunity to make a defense of any kind." There is no merit to this argument.

The granting of probation is not a matter of right for a defendant. It is a matter of grace and suspends conditionally what otherwise would be a harsher decree. *Serra v. Cameron*, 133 Colo. 115, 292 P.2d 340. When and if the defendant proves himself unworthy of the trust that has been reposed in him by the court, he is not, at such time, in the position of being able to claim the full range of constitutional protections available to one who is not yet convicted of a crime. It has been said both of probation and parole that they may be revoked summarily if a statute calls for no hearing; and where a hearing is called for by statute, it may be informally conducted. *Shum v. Fogliani*, 82 Nev. 156 413 P.2d 495. Where there are no constitutional rights involved, the Supreme Court of the United States has stated that a probationer has only those rights granted to him by the legislature. *Burns v. U.S.* 287 U.S. 216, 53 S.Ct. 154, 77 L. Ed. 266. This position has been reiterated in *Johnson v Tinsley*, 234 F. Supp. 866, where the United States District Court stated at 868: "A probationer or parolee can constitutionally have his conditional liberty revoked without notice or hearing." It was affirmed again by the United States Court of Appeals, Tenth Circuit, in *Johnson v. Tinsley*, 337 F.2d 856.

The question as to whether Gehl was entitled to an attorney at the time sentence was imposed presents a different problem. In *John Doe v. The People*, 160 Colo. 215, 416 P.2d 376, this court said:

"* * * Rule 44, Colo. R. Crim. P. provides that in the

case of an indigent defendant in a criminal proceeding, an attorney shall be assigned to represent him 'at every stage of the trial court proceedings.' Most certainly, then, Vigil was entitled to be represented by counsel on the date of his sentencing and there is no suggestion that his right in this regard is somehow lost because of his bond jumping proclivities. Nor is there anything in the record before us to indicate that Vigil in any manner waived his right to counsel.

"The imposition of sentence is certainly one stage of the proceedings before the trial court. Indeed, it is perhaps the most critical stage of the proceeding. * * *" In support of the foregoing we there cited Martin v. United States, 5 Cir., 182 F.2d 225, 20 A.L.R. 2d 1236.

In the instant case the record does not show any waiver by Gehl of the right to be represented by an attorney at the time sentence was passed upon him, and if he now insists on this right he is entitled to have the sentence vacated and a new one imposed at which time he should be represented by an attorney.

The judgment of the trial court is affirmed in so far as revocation of probation is concerned, and the cause is remanded with directions to vacate the sentence heretofore imposed; to provide counsel for Gehl if he is unable to employ his own lawyer; and to enter a new sentence giving credit thereon for time already served. It is provided, however, that if within twenty days from the receipt of this opinion by Gehl he shall file with the trial court an election to waive the resentencing procedure, and to accept the sentence originally imposed, then no further proceedings shall be had, and the original judgment shall stand.