488 P.2d 667

**STATE of Arizona, Appellee,**

**v.**

**Glenn Eugene CUTTING, Appellant.**

**No. 1 CA–CR 327.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 13, 1971.

**312**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

McCafferty & Loftus, by Gerald D. McCafferty, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal by defendant Glenn Eugene Cutting from a jury conviction of the crime of manslaughter in the driving of a motor vehicle, a misdemeanor, and leaving the scene of an accident involving death, a misdemeanor. The information charged these crimes in two separate counts. The court suspended the imposition of sentence and placed the defendant on probation on both counts for a period of two years.

On appeal the defendant raises two questions for review: (1) whether defendant's acquittal in the city court of the charge of driving an automobile while under the influence of intoxicating liquor (A.R.S. § 28–692) and the subsequent conviction in Superior Court of manslaughter in the driving of a motor vehicle (A.R.S. § 13–456) placed the defendant in double jeopardy; and (2) whether there was sufficient evidence to find the defendant guilty of the charge of leaving the scene of the accident.

The relevant facts are as follows. At approximately 10:00 p. m. on February 12, 1970, the defendant while driving his automobile in a southerly direction on 52nd Street, a two-lane street in a Phoenix residential area, crossed into the oncoming lane of traffic and collided head on with an automobile approaching from the opposite direction. The driver of the other automobile was killed as a result of the collision.

At the Superior Court trial it was established that immediately after the collision the defendant left the scene of the accident afoot, failing to give his name, address, vehicle registration number, or give assistance or make arrangements for any of the injured persons, and proceeded to a nearby tavern where shortly thereafter he was taken into custody, driven to the police station and was administered a breatholizer test to determine intoxication. The breatholizer test showed a .21 percent of alcohol by weight in defendant's blood, indicating a statutory presumption that defendant was under the influence of intoxicating liquor.

On February 13, 1970, the defendant was charged in Superior Court with two offenses: Count I, "Manslaughter (In Driving of Motor Vehicle), a Misdemeanor", and Count II, "Leaving the Scene of an Accident Involving Death, a Misdemeanor."

On May 1, 1970, defendant filed a request for a bill of particulars, asking that the prosecution "state the unlawful act, not amounting to a felony, which was without gross negligence that is referred to in Count One." The State thereafter supplied this bill of particulars:

"The unlawful acts, not amounting to felonies, which were without gross negligence, that is referred to in Count I of the State's direct information in the above cause number are (1) the driving

of a motor vehicle while intoxicated to a degree which lessened the defendant's ability to drive, (2) crossing the center line on a highway or public street and colliding head-on with an on-coming car (3) and failure to yield the right-of-way to a vehicle having such right-of-way, (4) Failure to keep his vehicle under control at all times, contrary to the laws of this state."

At arraignment the defendant stood mute and the court entered a plea of not guilty, granting defendant leave to file motions to the information at a later time. On May 11, 1970, two days before trial, the defendant filed a motion to dismiss, grounded upon the fact that defendant had been previously tried in the Phoenix Municipal Court for driving while under the influence of intoxicating liquor; that the matter was at the time under advisement; and that the City Court trial precluded trial in Superior Court for manslaughter because of the constitutional provision of double jeopardy, driving while under the influence being based on the same act as the manslaughter charge. The motion was denied.

The case came on for trial on May 13, 1970, and proceeded for some five days. At the trial considerable testimony was introduced concerning defendant's drinking on the evening of the accident and of his being under the influence of intoxicating liquor.

We shall first direct our attention to the question raised concerning double jeopardy. Defendant contends the Superior Court wrongfully denied his motion to dismiss, which was based on the principles of double jeopardy. We do not agree.

■ Defendant was asking for a dismissal of the vehicular manslaughter charge solely because a charge of driving while intoxicated was pending in the Municipal Court. If for no other reason than that the defendant was accused of several unlawful acts other than driving while intoxicated to support the charge of vehicular manslaughter, the court was correct in de-

nying the motion to dismiss the entire charge at that stage before trial.

■ In an attempt to further analyze defendant's assertion of double jeopardy, we have searched the record and find no evidence or proffer thereof of defendant's alleged trial and acquittal in Phoenix Municipal Court of driving while under the influence of intoxicating liquor. In fact, before the verdict in this case was rendered the file contains only one mention of the proceedings in the Municipal Court, and that is supplied by defendant's unverified motion to dismiss. This motion states the trial in the Municipal Court was under advisement at the time. As we read the record, at no time after the trial commenced did the defendant raise the question of double jeopardy, nor did he object to the introduction of any evidence when offered on the question of intoxication. Neither did defendant ask for any instructions, cautionary or otherwise, limiting the use of the evidence concerning intoxication. In view of the fact that the crime of vehicular manslaughter in this case is supported by evidence of other unlawful acts not amounting to felonies, namely, crossing the center line on a highway or public street and colliding head on with an oncoming car and failure to yield the right-of-way to a vehicle having such right-of-way, and failure to keep his vehicle under control at all times, contrary to the laws of this State, and also because the question of intoxication is material and the defendant relied upon it in the explanation of his actions upon leaving the scene of the accident, we hold that the burden was upon defendant to properly object when evidence concerning intoxication was introduced.

■ Our Supreme Court, through a long line of cases, holds that matters in criminal cases must be reviewed and decided solely on the record made in the trial court. State v. Telavera, 76 Ariz. 183, 261 P.2d 997 (1953); Sam v. State, 33 Ariz. 383, 265 P. 609 (1928); Shew Chin v. State, 33 Ariz. 419, 265 P. 621 (1928);

**314**

Gee Long v. State, 33 Ariz. 420, 265 P. 622 (1928).

■ It is within defendant's control as to what the record on appeal will contain, and it is defendant's duty to prepare the record in such a manner as to enable us to pass upon the questions sought to be raised in his appeal. Because of the record and defendant's failure to object to the evidence of intoxication, we feel ourselves bound not to consider the matter of double jeopardy.

In his second question presented, defendant argues there was insufficient evidence to support the jury's finding that appellant was guilty of the charge of leaving the scene of the accident. (A.R.S. §§ 28–661 and 28–663).

■ Defendant contends that because of his alleged intoxicated condition, or his being in a state of shock following the accident, he lacked the necessary criminal intent to be convicted of leaving the scene of the accident. The necessary criminal intent required under the "hit and run" statutes is the willful failure of the driver of the vehicle to perform any one of the duties required by A.R.S. § 28–663. State v. Milligan, 87 Ariz. 165, 349 P.2d 180 (1960). The evidence established that the defendant failed to give his name, address, vehicle registration number, or give assistance or make arrangements for any of the injured persons. The jury heard the evidence concerning defendant's state of intoxication and shock following the collision and was instructed as to the requisite intent to find the defendant guilty of leaving the scene of the accident.

■ We have reviewed the evidence introduced at trial with particular emphasis on defendant's state of intoxication and shock and have found sufficient evidence elicited by testimony of the witnesses to support the finding that defendant after the accident willfully failed to perform the duties required by the "hit and run" statutes.

■ We do, however, *sua sponte,* find error with the trial court's order suspending the imposition of sentence and placement of the defendant on probation for two years. The defendant was adjudged guilty of manslaughter in the driving of a motor vehicle, a misdemeanor, and leaving the scene of an accident involving death, a misdemeanor. The trial court then suspended the imposition of sentence for a period of two years, and placed the defendant on probation.

The power of the Superior Court to suspend sentence and grant probation is purely statutory. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409 (1953); Smith v. State, 37 Ariz. 262, 293 P. 23 (1930). A.R.S. § 13–1657 subsec. A(1) provides as follows:

"The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, *not exceeding the maximum term of sentence which may be imposed,* and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year." (Emphasis supplied).

The maximum sentence for the offenses of vehicular manslaughter and leaving the scene of an accident is one year as to each, as both were specified misdemeanors by the court. The court evidently added the two maximums.

In Arizona we have a provision, Rule 339, Rules of Criminal Procedure, 17 A.R.S., for two or more sentences on crimes charged in the same information to run concurrently unless the court directs that they run consecutively, but we have no such provision giving the court power to grant consecutive sentences where the suspension of the imposition of sentences on two or more crimes in the same information is involved. Therefore, the two one-year periods of probation granted in this

case must run concurrently, both beginning on June 9, 1970, the date of the granting of probation, and running until June 9, 1971. This period has run and defendant's period of probation is now terminated.

The judgment is affirmed as modified.

STEVENS, P. J., and CASE, J., concur.