509 P.2d 229

The STATE of Arizona, Appellee,

v.

Frank LAWSON, Appellant.

No. 2 CA–CR 319.

Court of Appeals of Arizona, Division 2.

May 4, 1973.

Rehearing Denied June 6, 1973.

Review Denied July 10, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Ed Bolding, Pima County Public Defender, by Richard Van Duizend, Asst. Public Defender, Tucson, and Steven Silver, Certified third-year law student under Rule 28(e) 17 A.R.S., for appellant.

KRUCKER, Judge.

Appellant, defendant below, Frank Lawson, entered a plea of guilty to a charge of burglary, second degree, and at the sentencing held on July 6, 1972, was placed on probation for two years. On August 9, 1972, a petition to revoke probation was filed and a hearing was held on November 1, 1972. At that hearing the defendant's probation was revoked and he was sentenced to the Arizona State Prison for not less than two nor more than three years. From this order, defendant appeals.

Two questions are raised in this appeal: (1) Did the trial court abuse its discretion in revoking defendant's probation and (2) was the sentence imposed excessive?

At the time probation was granted, the terms and conditions were fully explained to the defendant and the court had him sign a copy of the conditions of probation. At the revocation hearing testimony indicated that the defendant had violated a number of the conditions, including: (1) failing to report properly to the probation office or to report at all except the day after probation was granted; (2) misrepresenting as to employment by stating that he was employed at the Desert Inn, which was not true, and that he had gotten a job at San Manuel, also false; (3) associating with Simon Belcher, a person whose activities might lead him to a violation; (4) never contacting the Southern Arizona Mental Health Center walk-in clinic as he had been directed; and (5) failing to report to other probation officers as directed by his assigned probation officer.

■ It is the law of this State that if there is good reason to believe that probation has been violated, it may be revoked. State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967). Unless there is a strong showing of abuse of discretion by the trial judge, or that he has acted in an arbitrary manner, the appellate court will not set aside the order revoking probation. In light of the foregoing violations, we cannot say that the trial court abused its discretion.

■ The sentence given defendant is well within the statutory limits of punishment for second-degree burglary. A.R.S. § 13–302, subsec. B, as amended, makes second-degree burglary punishable by imprisonment not to exceed five years. This court will not interfere with the trial court's sentence if it is within the statutory limitations in the absence of an abuse of discretion. State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971).

■ In view of the gravity of the offense and the fact that the sentence was far below the maximum statutory limit, we reject defendant's claim of excessiveness.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.