532 P.2d 161

**The STATE of Arizona, Appellee,**

v.

**David Leonard PAKULA, Appellant.**

**No. 2 CA–CR 427.**

Court of Appeals of Arizona,
Division 2.

March 3, 1975.

Rehearing Denied March 28, 1975.

Review Granted May 6, 1975.

N. Warner Lee, former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Robert S. Golden, Phoenix, for appellee.

Slutes, Zlaket, Sakrison & Wasley by D. Thompson Slutes, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant, a former practicing attorney in Tucson, entered a guilty plea on May 24, 1974, to eleven open-end counts of obtaining money by false pretenses. On July 26, 1974, appellant was sentenced to not less than one nor more than five years' imprisonment on one count and was placed on probation for 3 years on each of the other ten counts, for a total of 30 years'

probation. One of the conditions of appellant's probation is that he repay the State Bar Fund the sum of $41,466, the money obtained by false pretenses, payable at 6% per annum. Appellant appeals on two points: a procedural defect in the manner in which he was sentenced and the excessiveness of the sentence itself.

Excision of portions of a presentence report are authorized by Rule 26.6(c) of the Arizona Rules of Criminal Procedure, 17 A.R.S. Appellant submits that since the rule requires the sentencing judge to inform appellant of the excised portion and to state in open court the reason for the excision, and since this was not done in the instant case, that reversible error was committed. We cannot agree with this position. As our Supreme Court stated in State v. Magallanes, 110 Ariz. 235, 517 P. 2d 505 (1973):

"We have held, too often to require citations, that the failure to make an objection in the trial court, thus depriving that court of the opportunity of correcting any alleged error, deprives the appellant of the right to raise the objection later on appeal." 110 Ariz. at 236, 517 P.2d at 506.

Our study of the record shows that no objection was made at the time of sentencing. The record discloses that appellant was given a copy of the presentence report. We can assume that he only received Part One of the report. The last paragraph of Part One, labeled "Declaration of Non-Disclosed Items," read:

"Appended in Part II of this report is information under the headings Summary, Treatment Program and Recommendation, which information is not disclosed."

From this, then, we can infer that appellant knew there was additional material in his presentence report and this was the material which had been excised. We do not envision the failure of the judge to state the reasons for the excision from the presentence report to be fundamental error so that no objections needed to have been made. As such, we view the error as mere non-prejudicial error.

Appellant's second argument is that the sentence he received was excessive, cruel and unusual and an abuse of the sentencing judge's discretion. The role of the appellate court is well-defined in this area. Where a sentence is within the statutory limits of punishment for a given crime, that sentence cannot be viewed by an appellate court as excessive. State v. Lawson, 19 Ariz.App. 536, 509 P.2d 229 (1973); State v. Starks, 20 Ariz.App. 274, 512 P.2d 37 (1973). Appellant's sentence is within the statutory limits and as such is not excessive.

We have also considered the propriety of the consecutive probationary periods even though not raised by counsel and find no abuse of judicial discretion. Division One of this court has held that a judge lacks the power to grant consecutive probationary periods where there has been a suspension of the imposition of sentences on two or more crimes charged in the same information. State v. Cutting, 15 Ariz.App. 311, 488 P.2d 667 (1971). We disagree. It is true that Rule 26.13 of the Arizona Rules of Criminal Procedure only provides for consecutive sentences of imprisonment if the judge expressly directs. We believe that implicit in this is the ability of the judge to "stack" probationary periods. Otherwise, a judge may be compelled to impose prison terms if he believes consecutive sentencing is merited, thus eliminating probation where, in the judge's discretion, it would benefit society and the individual in question. The option to permit service of consecutive terms outside the walls under proper conditions should not be removed from the sentencing judge, nor should the defendant or the public be deprived of such a vehicle for rehabilitation.

Affirmed.

KRUCKER, J., concurs.

**FROEB, Judge (dissenting).**

As pointed out in the majority opinion, the defendant pled guilty to 11 counts of obtaining money by false pretenses. He was sentenced on one count to not less than one nor more than five years imprisonment. The imposition of sentence was suspended on the remaining 10 counts and as to each the defendant was placed on three years probation. The court then added the probationary periods together and provided for a total of 30 years probation. While I agree that such a disposition was entirely fitting under the facts, I am unable to find authority for it under our statutes and case law.

The power of the Superior Court relating to the suspension of sentences must be found in the statutes. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409 (1953). The right to suspend sentences can only be exercised in accordance with the terms of the statute. Smith v. State, 37 Ariz. 262, 293 P. 23 (1930). Arizona Revised Statutes § 13–1657(A)(1) provides that:

> "1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year."

The "suspension" begins on the date set for sentencing and can run for the maximum permissible sentence for the charge involved, in this case five years. There is no provision for the "suspension" on one count to begin at a date in the future after the "suspension" has run on another count, unlike the provision for consecutive sentences of imprisonment set forth in Rule 26.13, Rules of Criminal Procedure. I am unable to read the language of § 13–1657(A)(1) as allowing "consecutive" or "stacked" probationary periods where the defendant is convicted upon multiple charges. This appears to be the conclusion reached by the Arizona Supreme Court in State v. Ortiz, 98 Ariz. 65, 402 P.2d 14 (1965) and is consistent with the interpretation made by Division One of the Court of Appeals in State v. Cutting, 15 Ariz. App. 311, 488 P.2d 667 (1971). Since it is often desirable that the sentencing judge have discretion to impose lengthy probationary periods, particularly where restitution is involved, A.R.S. § 13–1657 should be amended to allow it.