811 P.2d 354

The STATE of Arizona, Appellee,

v.

Angel Rivas RIVERA, Appellant.

No. 2 CA–CR 90–0266.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 27, 1990.

Review Denied June 4, 1991.

Robert K. Corbin, Atty. Gen. by Ronald L. Crismon and Diane M. Ramsey, Phoenix, for appellee.

Harriette P. Levitt, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was charged with first-degree murder for a prison homicide. A jury found him guilty, and the trial court imposed a sentence of life imprisonment.

Appellant and his codefendant, both members of the Mexican Mafia prison gang, were cellmates. According to an inmate who testified for the state, appellant admitted to him that they killed the victim in retaliation for an assault the victim had previously committed on one of the bosses of the Mexican Mafia.

The victim had 47 stab wounds, six of which could have been fatal. Investigators found two prison-made shanks, one where the body was found and a second in the cellblock about 40 feet from appellant's cell. There was a trail of blood from the area where the body lay right into the cell where the two codefendants lived. Appellant had blood on him, the codefendant had blood on him, and numerous bloody items were found in their cell.

Various guards saw appellant in the area where the stabbing took place. One guard had issued appellant a rake which was found 10 feet from where the stabbing took place.

Appellant raises two issues on appeal: (1) the charges against him should have been dismissed because of pre-indictment delay; and, (2) the testimony of the witness should have been suppressed. We affirm.

The murder took place on May 18, 1987. Charges were brought before the grand jury in March 1989. Appellant argues that he is entitled to dismissal of the charges by reason of pre-indictment delay because the prosecution intentionally or recklessly delayed seeking an indictment in order to gain a tactical advantage, and that he has suffered actual prejudice as a result of the delay. *State v. Broughton,* 156 Ariz. 394, 752 P.2d 483 (1988).

A hearing was held on appellant's motion to dismiss the indictment. The trial court heard sworn testimony before denying the motion. The transcript of that hearing is not part of the record on appeal. It is within the defendant's control as to what the record on appeal will contain, and it is the defendant's duty to prepare the record in such a manner as to enable an appellate court to pass upon the questions sought to be raised in the appeal. *State v. Cutting,* 15 Ariz.App. 311, 488 P.2d 667 (1971). Where matters are not included in the record on appeal, the missing portion of the record will be presumed to support the decision of the trial court. *State v. Zuck,* 134 Ariz. 509, 658 P.2d 162 (1982); *State v. Miller,* 120 Ariz. 224, 585 P.2d 244 (1978); *State v. Anzivino,* 148 Ariz. 593, 716 P.2d 50 (App.1985). An appellate court will not speculate about the contents of anything not in the appellate record. *State v. Kerr,* 142 Ariz. 426, 690 P.2d 145 (App.1984). In the absence of a record to the contrary, we must presume that the trial court acted properly in denying the motion to dismiss for pre-indictment delay.

Appellant's second argument is that the testimony of a fellow inmate should have been suppressed because the statements made by the witness violated the

attorney-client relationship that existed between appellant and the witness. This argument is based on the fact that the fellow inmate was a "jailhouse lawyer" who represented appellant in prison disciplinary proceedings.

■ Case law is contrary to appellant's position. There are no privileged communications between a defendant and his "jailhouse lawyer." *People v. Velasquez*, 192 Cal.App.3d 319, 237 Cal.Rptr. 366 (1987); *State v. Fleury*, 545 So.2d 1208 (La.App. 1989); *Richardson v. Texas*, 744 S.W.2d 65 (Tex.Cr.App.1987), vacated on other grounds, 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989). In another context, the Arizona Supreme Court has held that a lay representative is not an attorney under our privileged communications statute. *Hunt v. Maricopa Cnty. Employee Merit Sys. Comm'n*, 127 Ariz. 259, 619 P.2d 1036 (1980).

We have reviewed the record for fundamental error and have found none. Appellant's conviction and sentence are affirmed.

LIVERMORE and LACAGNINA, JJ., concur.