812 P.2d 1093

**The STATE of Arizona, Appellant,**

**v.**

**Ruben MELENDEZ, Appellee.**

**No. 2 CA–CR 90–0633.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 21, 1991.

Review Granted as to Issue A and Denied as to Issues B and C July 17, 1991.

Stephen D. Neely, Pima County Atty. by Jill Thorpe, Tucson, for appellant.

James W. Cochran, Tucson, for appellee.

## OPINION

HOWARD, Judge.

Appellee's trial for murder has been stayed pending this appeal by the state of the trial court's granting of appellee's motion to suppress evidence seized from his prison cell and to preclude testimony by his inmate representative. We vacate and remand.

In March 1989, a Pima County Grand Jury indicted both appellee and his prison cellmate for the 1987 murder in the first degree of another inmate.[1] At the time of the murder, corrections officers followed a trail of blood from the murder scene to appellee's cell. Officers ordered appellee to remove his blood-stained clothes, which they confiscated, and placed him in a lock-up area. The officers then returned to the cell and seized physical evidence, including other clothing and items with blood stains. Before punishment could be imposed for this major violation of prison rules, the department of corrections formally charged

appellee and set a date for a disciplinary hearing, which he had the right to attend. Department of corrections regulations permit inmates to hire a lawyer or to have the assistance of a fellow prisoner or staff member at the hearing. Appellee requested assistance of a particular inmate with whom he met and discussed his case on one occasion. Although no one told appellee whether or not his conversation with such a person would be confidential, appellee knew that the inmate representative was not an attorney, and he later testified that he only discussed "time frames, the due process ... and issues of that sort" with him. The state wishes to present the representative's testimony as to the conversation he had with appellee and the items taken from his prison cell as evidence at his upcoming trial. Appellee filed motions in opposition, and the trial court ruled in his favor on August 14, 1990.

## SUPPRESSION OF EVIDENCE

Appellee moved to suppress the evidence seized when the officers returned to and searched his prison cell. The trial court found that, while evidence seized from the first search was admissible because of "exigent circumstances," the subsequent search required a search warrant and evidence seized during that search was inadmissible. We will not disturb the trial court's ruling on a motion to suppress absent an abuse of discretion; however, we are not bound by the trial court's conclusions of law. *State v. Garcia,* 162 Ariz. 471, 784 P.2d 297 (App.1989).

■ Appellant contends, and we agree, that the trial judge erred in suppressing the evidence because under federal and state law a prisoner does not have constitutional rights to privacy in his prison cell. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); and *State v. Moorman,* 154 Ariz. 578, 744 P.2d 679 (1987). Therefore, a search warrant was not needed to conduct the subsequent search of appellee's cell.

---

1. His cellmate and co-defendant was found guilty of first degree murder and the conviction

and sentence were affirmed in *State v. Rivera,* 168 Ariz. 102, 811 P.2d 354 (App.1990).

■ Citing *State v. Youngblood,* 164 Ariz. 61, 790 P.2d 759 (App.1989), appellee argues that the Arizona Constitution affords greater protection. *Youngblood* was based on an Arizona precedent that due process requires preservation of potentially exculpatory evidence. There is no similar precedent for prison cell searches.

■ Appellee also argues that the record is insufficient to review this issue, but does not state in what way. Although only a partial transcript of the hearings and oral argument on the motions was included in the record on appeal, this court nevertheless is required to consider a question of law presented by the record, such as in the instant case. *Orlando v. Northcutt,* 103 Ariz. 298, 441 P.2d 58 (1968).

## PRIVILEGED COMMUNICATIONS

Appellant's second contention is that the trial court abused its discretion by precluding appellee's inmate representative's testimony as privileged communication. We agree.

■ The question of privilege is a legal one for the trial court. *Gordon v. Industrial Commission,* 23 Ariz.App. 457, 533 P.2d 1194 (1975). In rendering his decision, the trial judge cited the reasons given by appellee in his underlying motion. Appellee, in his motion, cites statutory and due process bases for the privilege. He argues that the inmate representative is deemed an "attorney" under the privilege statute[2] because a department of corrections disciplinary regulation confers upon the representative counsel status in providing as follows: "The prisoner may be represented by private counsel at the inmate's own expense, by a willing staff member or by another available prisoner who is willing to serve in that capacity...." A.C.R.R. R5–1–603(D)(2).

As authority for these propositions, appellee cites *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) and *White v. Lewis,* 167 Ariz. 76, 804 P.2d 805

(App.1990). Both these cases concern prisoners' access to the courts and do not address the issue at hand. He also cites a California case where the court held that because a statute authorized lay representatives to represent welfare claimants in administrative hearings, the communications between representatives and claimants were impliedly privileged. *Welfare Rights Organization v. Crisan,* 33 Cal.3d 766, 190 Cal.Rptr. 919, 661 P.2d 1073 (1983). The California judiciary subsequently declined to apply *Crisan* to routine assistance by "jailhouse lawyers" who are not "encouraged or promoted by state actions." *People v. Velasquez,* 192 Cal. App.3d 319, 329, 237 Cal.Rptr. 366, 371–72 (1987).

While appellee's argument under *Crisan* is provocative in that the department of corrections regulations permit lay representation, we are not bound by California law. The Arizona Supreme Court has held in another context that a lay representative, even though authorized, is not an attorney under our privileged communications statute. *Hunt v. Maricopa County Employees Merit System Commission,* 127 Ariz. 259, 619 P.2d 1036 (1980); accord, *State v. Rivera,* supra. We believe this conclusion is in line with narrow interpretations of this privilege. See generally, *State v. Vickers,* 129 Ariz. 506, 633 P.2d 315 (1981) and *State v. Howland,* 134 Ariz. 541, 658 P.2d 194 (App.1982). It is not the court's prerogative to enlarge privileges. Cf. *Jolly v. Superior Court,* 112 Ariz. 186, 540 P.2d 658 (1975).

■ Appellee's argument regarding his right against self-incrimination is similarly contrary to the law and does not establish that the trial court's ruling in his favor was correct. Due process affords appellee the privilege not to answer "official questions ... where the answers might incriminate him in later criminal proceedings." *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Appellee was ad-

---

**2.** A.R.S. § 13–4062(2) provides that "[a]n attorney, without consent of his client, as to any communication made by the client to him or his

advice given therein in the course of professional employment" shall not be examined as a witness.

vised of his right to remain silent[3] but he voluntarily talked to the inmate representative knowing that the latter was not an attorney. There was no evidence that the inmate representative was a paid informant deliberately placed to elicit incriminating information. See *People v. Velasquez*, supra. Appellee's privilege against self-incrimination was not abrogated here.

## RIGHT TO COUNSEL

Appellee has raised a cross-issue alleging violation of his sixth amendment right to counsel. Since no right to retained or appointed counsel attaches at prison disciplinary hearings, *Baxter v. Palmigiano*, supra; *People v. Velasquez*, supra, no sixth amendment right was violated.

We therefore vacate the trial court's orders suppressing the evidence and precluding testimony and remand for proceedings in accordance with this decision.

FERNANDEZ, C.J., and ROLL, P.J., concur.

3. In *State v. Vickers*, supra, the court found that *Miranda* warnings were not required where the inmate representative was not a prison or law enforcement employee.