1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Stephen BISHOP, Plaintiff-Appellant,
v.
James P. McFADDEN, et al., Defendant-Appellee.
 No. 93-15062.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Stephen Bishop appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint against three prison officials. Bishop is the legal assistant for protective segregation inmates incarcerated in the maximum security facility in Florence, Arizona. He claims that the defendants violated his rights and those of the prisoners he represents by refusing to provide facilities for confidential communication and by providing insufficient opportunities for the transfer of legal materials. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Bishop's arguments are somewhat unclear, but "we must liberally construe [his] pro se claims." Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). To have standing to challenge the alleged impediments himself, Bishop "must 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.' " Id. at 877 (quoting Valley Forge Christian College v. Americans United, 454 U.S. 464, 472 (1982)). We agree with the district court that Bishop has alleged no cognizable injury. He claims that confidential communication is necessary to protect him from "having to divulge information given to him in confidence;" however, he has no right to such protection, because in Arizona "[t]here are no privileged communications between a defendant and his 'jailhouse lawyer.' " See State v. Rivera, 811 P.2d 354, 356 (Ariz.1990).
 
 
 4
 Bishop also claims that the restrictions on the transfer of legal materials deny him "the right to provide proper and adequate legal assistance" to the inmates in protective segregation. However, because Bishop himself has suffered no legally cognizable injury, he has no standing to assert their third-party rights. Darring, 783 F.2d at 877-78.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3