NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STANLEY EICK, a single person,
*Plaintiff/Counterdefendant/Appellant/Cross-Appellee,*

*v.*

DELTA MECHANICAL, INC., an Arizona Corporation
*Defendant/Counterclaimant/Appellee/Cross-Appellant*,

CHROME, INC.; KITCHUKOV TRUST DATED JULY 16, 2009 and
TODOR KITCHUKOV and MARIANA KITCHUKOV,
*Defendants/Appellees/Cross-Appellants.*

No. 1 CA-CV 14-0565
FILED 10-15-15

Appeal from the Superior Court in Maricopa County
No. CV 2011-019532
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

The Brebner Law Firm, PC, Phoenix
By Bartlet A. Brebner
*Counsel for Plaintiff/Counter-Defendant/Appellant/Cross-Appellee*

Cheifetz Iannitelli Marcolini, PC, Phoenix
By Claudio E. Iannitelli, Jacob A. Kubert
*Counsel for Defendants/Counter-Claimant/Appellees/Cross-Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**D O W N I E**, Judge:

¶1        Stanley Eick appeals from: (1) an award of punitive damages to Delta Mechanical, Inc. ("Delta"); (2) a determination that he was not the successful party for purposes of taxable costs and jury fees; (3) the denial of his request for attorneys' fees; and (4) the denial of prejudgment interest on certain sums.  Delta, Todor Kitchukov, Mariana Kitchukov, Chrome, Inc., and the Kitchukov Trust Dated July 16, 2009 ("the Trust") cross-appeal from the trial court's award of prejudgment interest.  For the following reasons, we affirm.

**FACTS AND PROCEDRUAL HISTORY**

¶2        Delta is owned by Todor Kitchukov, who is married to Mariana Kitchukov.  Chrome, Inc. is a company wholly owned by Kitchukov.  Kitchukov is a trustee and beneficiary of the Trust.[1]

¶3        In 2008, Delta retained Eick to perform project management services.  Delta gave Eick access to certain business credit cards.  In August 2011, Delta became suspicious about purchases Eick made with a Home Depot gift card that was to be used for business-related purposes.  Delta initiated an investigation and did not pay Eick for services performed after August 8, 2011.  On October 28, 2011, Eick obtained a cash advance in the sum of $5000 from Delta's Wells Fargo credit card.

---

[1]        References to "Kitchukov" in the singular are to Todor Kitchukov. We refer to the Kitchukovs, Chrome, and the Trust collectively as "the Property Owners."

¶4        Eick sued Delta for breach of contract, unpaid wages,[2] and unjust enrichment. Although he initially asserted several counts against the Property Owners, Eick ultimately proceeded against them only on his quantum meruit claims.    Delta counterclaimed against Eick for conversion, civil racketeering, and fraud.

¶5        A jury trial ensued.   Before the case was submitted to the jury, the trial court granted judgment as a matter of law to Eick on Delta's racketeering and fraud counterclaims. Delta's conversion counterclaim was submitted to the jury.  The jury rendered the following verdicts and special interrogatory answers:

> Eick was an independent contractor, not a Delta employee.
>
> Delta owes Eick compensation in the sum of $7250.
>
> After offsetting the $5000 Eick obtained from Delta's credit card, Delta owes Eick $2250 in compensation.
>
> Eick is awarded $750 on his quantum meruit claim against the Trust.
>
> Eick is awarded $1000 on his quantum meruit claim against Chrome.
>
> Eick is awarded $500 on his quantum meruit claim against the Kitchukovs.
>
> Delta is awarded $5000 in damages on its counterclaim against Eick.
>
> Delta is awarded $2251 in punitive damages against Eick.
>
> The compensation Delta owes Eick ($7250) includes amounts for work included in the quantum meruit awards — specifically, $1000 as to Chrome, $500 as to the Kitchukovs, and $750 as to the Trust.

The net effect of the jury's awards was a $1 verdict in favor of Delta.

---

[2]        Eick alleged entitlement to treble damages on his wage claim pursuant to A.R.S. § 23-355(A).

¶6        Delta filed a post-trial application for attorneys' fees and costs, contending it was the "net prevailing party" for purposes of Arizona Revised Statutes ("A.R.S.") sections 12-341 and 12-341.01. Eick filed a motion for remittitur regarding the compensatory and punitive damage awards to Delta and, in the alternative, requested a new trial. Eick also sought an award of attorneys' fees and costs, claiming he was the successful party.

¶7        The trial court denied Eick's motion. It deemed Delta the successful party, "though barely."  The court ordered Eick to pay jury fees and awarded Delta taxable costs under A.R.S. § 12-341.

¶8        After analyzing the factors enunciated in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 570 (1985), the court determined Eick was not entitled to a fee award under A.R.S. § 12-341.01(A).  It also declined to award him fees under A.R.S. § 12-349, notwithstanding its dismissal of Delta's fraud and racketeering counterclaims.  The court did, however, award Eick $3060 in fees related to his defense of the racketeering counterclaim under A.R.S. § 13-2314.04(A), noting that the racketeering claim, "though not frivolous, was very thin." The trial court awarded Delta prejudgment interest on the $5000 in conversion damages and awarded Eick prejudgment interest on the $5000 wage claim. The court did not award Eick prejudgment interest on his other awards.

¶9        Eick filed a motion for reconsideration, arguing he was the net judgment winner by roughly $65 once prejudgment interest was taken into account and was thus the successful party. Delta also sought reconsideration, arguing the court should deny all prejudgment interest as waived by both parties. The court denied both motions.  Eick timely appealed, and Appellees timely cross-appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**I.        Punitive Damages**

¶10        Eick contends Delta was not entitled to punitive damages because it failed to prove actual damages.  Alternatively, he argues the punitive damage award was constitutionally excessive.  We review these issues *de novo.  See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 436 (2001); *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 5 (1999).

¶11        "[T]he right to an award of punitive damages must be grounded upon a cause of action for actual damages." *Quiroga v. Allstate*

*Ins. Co.*, 151 Ariz. 127, 129 (App. 1986); *see also Saucedo ex rel. Sinaloa v. Salvation Army*, 200 Ariz. 179, 185–86, ¶ 21 (App. 2001) ("[C]ommon law mandates that a plaintiff suffer actual damages as a result of the underlying tort before a claim of punitive damages can be entertained."). Failure to prove actual damages precludes an award of punitive damages. *Fousel v. Ted Walker Mobile Homes, Inc.*, 124 Ariz. 126, 129 (App. 1979).

¶12    The jury was instructed as follows regarding Delta's punitive damage claim:

> If you find Mr. Eick liable to Delta Mechanical for conversion, you may consider assessing additional damages to punish Stanley Eick or to deter him and others from similar misconduct in the future.

¶13    Contrary to Eick's suggestion, the requirement for actual damages does not require that the party claiming punitive damages be the net winner after setoffs. It simply means that the "requisite intent and outrageous and egregious conduct must occur in tandem with the conduct giving rise to the injury in order to recover punitive damages." *Saucedo*, 200 Ariz. at 182, ¶ 13. As the trial court ruled, even if Appellees owed Eick more than $5000, "the jury properly found that it was conversion for [Eick] to pay himself $5,000 using gift or credit cards. [Eick] could not take that money to satisfy the debt any more than he could steal a truck from [Delta] to satisfy the debt."

¶14    As noted *supra*, the jury was instructed that *if* it found Eick liable for conversion, it could consider assessing punitive damages. The jury found Eick liable for conversion and awarded Delta $5000 in actual damages on that claim, thereby establishing the necessary predicate for an award of punitive damages. The subsequent setoffs do not negate the propriety of the punitive damage award.

¶15    Turning to Eick's constitutional claim, we agree that due process principles limit the size of punitive damage awards. *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 230 Ariz. 592, 609, ¶ 83 (App. 2012).

> The United States Supreme Court has instructed courts to consider three guideposts when reviewing punitive damages awards: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive

damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."

*Security Title Agency, Inc. v. Pope*, 219 Ariz. 480, 501, ¶ 94 (App. 2008) (quoting *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 418 (2003)).

**¶16**        However, Eick has not provided a trial transcript, which prevents any assessment of the reprehensibility of his conduct. When matters are not included in the record on appeal, we presume that the missing portions of the record would support the trial court's judgment. *State v. Zuck*, 134 Ariz. 509, 513 (1982); *State v. Rivera*, 168 Ariz. 102, 103 (App. 1990). Moreover, there is no acceptable bright-line ratio between compensatory and punitive damages because an appropriate punitive damage award is a fact-sensitive inquiry. *See Nardelli*, 230 Ariz. at 611, ¶ 95. However, "single-digit multipliers are more likely to comport with due process, [and] a factor more than four comes 'close to the line' of constitutional impropriety." *Hudgins v. Sw. Airlines Co.*, 221 Ariz. 472, 491, ¶ 57 (App. 2009). The multiplier in this case is just under one-half ($2251/$5000 = 0.4502), which is well within the constitutionally permissible range. The record before us establishes no due process violation.

**¶17**        Finally, to the extent Eick argues on appeal that the jury was improperly instructed or that the court's handling of the verdicts and special interrogatories was deficient in some respect, the lack of a trial transcript prevents review of whether such issues were properly preserved and whether the trial court responded appropriately. *See Rivera,* 168 Ariz. at 103 ("In the absence of a record to the contrary, we must presume that the trial court acted properly.").

## II.    Taxable Costs

**¶18**        Eick next contends the trial court should have deemed him the successful party and awarded him taxable costs under A.R.S. § 12-341. Eick maintains he was the net judgment winner against Delta after prejudgment interest is considered and was wholly successful against the Property Owners.

**¶19**        The language of A.R.S. § 12-341 is mandatory, and the trial court has no discretion to deny costs to the successful party. *Roddy v. Cty. of Maricopa*, 184 Ariz. 625, 627 (App. 1996). The court does, however, have discretion in determining the successful party. *Democratic Party of Pima*

*Cty. v. Ford*, 228 Ariz. 545, 549, ¶ 15 (App. 2012). We review a determination of the successful party for an abuse of discretion. *Id.*

**¶20** After acknowledging its discretion in determining the identity of the successful party, the trial court stated:

> The monetary difference between what each party obtained is small: one dollar before calculation of prejudgment interest and $65.25 including it. But the jury clearly intended that Defendants would be considered prevailing. Although the court is not bound by that determination, it is persuaded by it. It is also persuaded by the fact that Plaintiff obtained substantially less in monetary damages than he sought.

**¶21** Looking at net judgment amounts is one method of determining the successful party, *see Trollope v. Koerner*, 21 Ariz. App. 43, 47 (1973) (a party who obtains judgment in excess of setoff or counterclaim is "successful"), particularly in cases involving "competing claims, counterclaims and setoffs all tried together." *Ayala v. Olaiz*, 161 Ariz. 129, 131 (App. 1989). But the "net judgment rule" is not the only acceptable way of determining the successful party. *See, e.g., McEvoy v. Aerotek, Inc.*, 201 Ariz. 300, 303, ¶¶ 12–13 (App. 2001) (successful party determination may be based on "success upon the merits, not upon damages"); *Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 467 (App. 1986) ("percentage of success" evaluation proper); *Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 49 (App. 1980) (approving "totality of the litigation presented to the trial court" assessment of successful party). Indeed, a contrary holding would gut the trial court's well-established discretion, reducing the successful party determination to a mechanical, mathematical exercise.

**¶22** The trial court found that the jury "clearly intended" that Appellees "be considered prevailing." It characterized this factor as persuasive, and, coupled with the fact that Eick "obtained substantially less in monetary damages than he sought," determined Delta was the successful party, even if just barely. We find no abuse of discretion. The trial judge who made that determination had presided over the case for over two years and was far better equipped than this Court to make the discretionary decision regarding the successful party.

**¶23** As to the Property Owners, Eick argues they "cannot be successful parties for purposes of A.R.S. § 12-341 because Eick obtained 100% of the relief he sought against them, and they obtained no relief

against Eick." Although a "party does not enjoy derivative success simply because he is lined up on the same side as a prevailing party," *Bishop v. Pecanic*, 193 Ariz. 524, 531, ¶ 27 (App. 1998), we are not dealing here with simple positional alignment. The jury included the quantum meruit damage amounts in its award against Delta. The final judgment makes Delta jointly and severally liable for the awards against the Property Owners. And the trial court factored in those awards in evaluating the net effect of the monetary awards. *Cf. Welch v. McClure*, 123 Ariz. 161, 165 (1979) ("The general rule is that total costs are taxed against defendants who are jointly and severally liable on the judgment."). Given the unique circumstances of this case, and based on the record before us, we discern no error in treating Delta and the Property Owners as a collective unit in assessing taxable costs and fees.

**¶24**        Finally, jury fees are included in costs, and the unsuccessful party at trial is liable for them. *See* A.R.S. § 12-332(B); *Roddy*, 184 Ariz. at 627. Because Eick was not the successful party, the court did not err by ordering him to pay the jury fees.

### III.    Attorneys' Fees

**¶25**        "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). There is, however, no presumption that fees will be awarded in contract actions. *Associated Indem. Corp.*, 143 Ariz. at 568–69. "An award of attorney's fees under A.R.S. § 12-341.01 is discretionary with the trial court, and if there is any reasonable basis for the exercise of such discretion, its judgment will not be disturbed." *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38 (App. 1990).

**¶26**        As discussed *supra*, the trial court did not err in determining that Eick was not the successful party. Additionally, the court expressly analyzed the relevant factors in concluding that a fee award under A.R.S. § 12-341.01 was inappropriate. We find no abuse of the court's considerable discretion in denying Eick's fee request. *See Associated Indem. Corp.*, 143 Ariz. at 571 ("The question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.").

## IV. Prejudgment Interest

¶27 Eick's final contention is that he should have been awarded prejudgment interest on the full $7250 for which Delta was held jointly and severally liable, not merely the $5000 for which it was solely liable. Entitlement to prejudgment interest is a matter of law that we review *de novo*. *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 544, ¶ 39 (App. 2004).

¶28 Prejudgment interest on a liquidated claim is a matter of right. *Fleming v. Pima Cty.*, 141 Ariz. 149, 155 (1984). "A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Ariz. Title Ins. & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz. App. 486, 496 (1971); *see also Peterson Constr., Inc. v. Ariz. State Carpenters Health & Welfare Trust Fund*, 179 Ariz. 474, 485 (App. 1994) ([P]laintiff must "provide a basis for a precise calculation that would make the amount of damages readily ascertainable by reference to an agreement between the parties or through simple computation.").

¶29 As Appellees note, our record includes no evidence which, if believed by the trier of fact, made it possible to compute with exactness the amount Eick was owed for work he performed at the properties owned by the Kitchukovs, Chrome, and the Trust or the accrual date for those claims. The joint pretrial statement concedes Eick performed some work at those locations, but we have no evidence establishing when compensable work (i.e., work subject to the jury awards) was performed or how Eick was to be compensated for those services.[3] *See, e.g.*, *John C. Lincoln*, 208 Ariz. at 544–45, ¶¶ 39, 44 (noting that claims for services "to be paid for at an agreed rate" may be liquidated and observing that plaintiffs "provided a specific method of calculation and the requisite data" to allow ascertainment of exact amount owed); *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 264 (App. 1979) (evaluating trial testimony to determine propriety of prejudgment interest and concluding it provided "a basis for precisely calculating the amounts claimed for extra

---

[3] Contrary to Eick's suggestion, allegations in pleadings are not evidence. *See Bank of Yuma v. Arrow Constr. Co.*, 106 Ariz. 582, 585 (1971).

work"). We therefore find no error in the trial court's prejudgment interest awards.[4]

**CONCLUSION**

**¶30** We affirm the judgment of the superior court. We deny Eick's request for an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 because he is not the successful party. We further deny Eick's request for a fee award as a sanction for a frivolous cross-appeal. Appellees request a fee award under A.R.S. §§ 12-341.01 and 12-349. Although we disagree with the substantive merits of Eick's appeal, we cannot say that it was pursued in violation of A.R.S. § 12-349. In the exercise of our discretion, we deny Appellees' fee request premised on A.R.S. § 12-341.01. However, Appellees are entitled to recover their taxable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt

---

[4] Although the cross-appeal challenges the prejudgment interest awards, Delta indicates we need not reach the cross-appeal if we affirm the successful party determination — something we have done.