NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHASE AARON MADRID, *Appellant.*

No. 1 CA-CR 17-0451
FILED 4-10-2018

Appeal from the Superior Court in Yavapai County
No.  P1300CR201601149
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office
By Joseph T. Maziarz
*Counsel for Appellee*

Craig Williams, Attorney at Law, PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

---

B E E N E, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Chase Aaron Madrid's ("Madrid") convictions for possession of dangerous drugs and possession of drug paraphernalia.  Madrid's counsel searched the record on appeal and found no arguable question of law that is not frivolous.  *See State v. Clark*, 196 Ariz. 530 (App. 1999).  Counsel now asks us to search the record for fundamental error.  After reviewing the entire record, we affirm Madrid's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        In July 2016, a police officer pulled over a vehicle with three occupants on suspicion of driving on a suspended license.  Madrid was one of the occupants, sitting in the rear driver's side seat.  The driver "exhibited some signs and symptoms of drug impairment," so the officer "conduct[ed] a DUI investigation" on the driver.  After determining that the driver was impaired, the officer arrested her and asked another officer to conduct an inventory search prior to towing the vehicle.  The officers had everyone exit the vehicle.

¶3        While conducting the inventory search, an officer found "a bag with a white, crystalline substance and a glass pipe" in the backseat.  The substance was later determined to be methamphetamine.  The bag and pipe were "within arm's reach" of where Madrid had originally been sitting in the car and were "easily accessible to" him.  The officers subsequently arrested Madrid.

¶4        Madrid was charged with possession or use of dangerous drugs, a class four felony, and two counts of possession of drug

---

[1]        We view the facts in the light most favorable to upholding the verdicts and resolve all inferences against Madrid.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

paraphernalia, each a class six felony. Madrid proceeded to trial and was found guilty on all counts. Madrid was sentenced to presumptive, concurrent terms of 2.25 years' incarceration for possession of drug paraphernalia and 6 years for possession or use of dangerous drugs. Madrid timely appealed his conviction. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶5** The record reflects no fundamental error in pretrial or trial proceedings. Voir dire, opening arguments, and closing arguments were not designated for the record. We therefore confine our review to the record on appeal. *See* Ariz. R. Crim. P. 31.8(b)(2)(ii) (2017)[2] ("[A] certified transcript of the following proceedings shall be provided: . . . The trial, except that the record of voir dire of the jury and the opening and closing arguments of counsel shall not be included unless specifically designated by a party."); *see also State v. Rivera*, 168 Ariz. 102, 103 (App. 1990) ("It is within the defendant's control as to what the record on appeal will contain, and it is the defendant's duty to prepare the record in such a manner as to enable an appellate court to pass upon the questions sought to be raised in the appeal.").

**¶6** The record also reflects that Madrid received a fair trial. Madrid was represented by counsel and present at all critical stages of the proceedings. The jury was properly composed of eight jurors and two alternates. The court properly denied Madrid's motion for directed verdict and appropriately instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous verdict on all counts.

**¶7** The superior court received a presentence report, accounted for aggravating and mitigating factors, and provided Madrid an opportunity to speak at sentencing. The court imposed a legal sentence for the crimes of which he was convicted.

---

[2] We cite to the rule in effect at the time Madrid filed his notice of appeal.

**CONCLUSION**

**¶8**　　　　We have reviewed the entire record for reversible error and find none; therefore, we affirm the convictions and resulting sentences.

**¶9**　　　　After the filing of this decision, defense counsel's obligation pertaining to Madrid's representation in this appeal will end. Defense counsel need do no more than inform Madrid of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Madrid has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Madrid has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4