NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

JOHN FRANCIS HALEY, JR., *Appellee.*

No. 1 CA-CR 19-0392

FILED 5-5-2020

Appeal from the Superior Court in Yavapai County
No. P1300CR201801565
The Honorable Patricia A. Trebesch, Judge (Retired)

**AFFIRMED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Glen M. Asay
*Counsel for Appellant*

Law Offices of Gonzales & Poirier, Flagstaff
By Antonio Gonzales
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1        The State appeals the trial court's order granting John Francis Haley's motion to suppress evidence. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        We view the facts in the light most favorable to upholding the trial court's decision. *State v. Dean*, 206 Ariz. 158, 161, ¶ 9 (2003).

¶3        Haley was driving in Prescott around 2:23 a.m. when a police officer stopped him for not coming to a complete stop and proceeding three feet into an intersection marked by a stop sign. The officer observed what he believed were signs of recent drug use, arrested Haley, and performed both a search incident to arrest and an inventory search of Haley's vehicle. The searches produced drug and drug paraphernalia evidence.

¶4        A grand jury indicted Haley on one count of possession or use of dangerous drugs; two counts of possession or use of narcotic drugs; three counts of possession of drug paraphernalia; and two counts of driving under the influence. Haley moved to suppress the evidence arguing the officer lacked reasonable suspicion to initiate the traffic stop, and thus obtained the evidence illegally. Specifically, Haley argued that dash-camera footage taken from the officer's perspective demonstrated Haley came to a complete stop before entering the intersection.

¶5        At oral argument on the motion, the court noted that it had received the dash-camera footage and reviewed it several times. The State claimed that Haley admitted to the officer at the scene that he should have stopped sooner. Haley did not stipulate to this admission, which the officer apparently referenced in his report but does not appear in the video footage or elsewhere in the record. The State said the officer was available to testify at the hearing about the admission but never called him. The State also argued the dash-camera video did not accurately represent the officer's vantage point, and the stop was reasonable based on the officer's perspective.

**¶6**     Relying on the dash-camera video, the trial court found that Haley came to a complete stop before entering the intersection and the officer could not have seen otherwise from his vantage point. The court found no reasonable suspicion that Haley had committed a traffic violation and thus granted the motion to suppress.

**¶7**     The State timely appealed before filing a motion for reconsideration with the trial court. We stayed the appeal pending the court's ruling. The trial court denied the motion and we reinstated the appeal.

## DISCUSSION

**¶8**     We review a trial court's decision to grant a motion to suppress for an abuse of discretion. *State v. Kinney*, 225 Ariz. 550, 555, ¶ 13 (App. 2010). "In reviewing a ruling on a motion to suppress, we view the facts in the light most favorable to upholding the trial court's ruling." *State v. Cornman*, 237 Ariz. 350, 354, ¶ 10 (App. 2015).

**¶9**     The Fourth Amendment requires that police officers have reasonable suspicion of a traffic violation to conduct a traffic stop. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014). Reasonable suspicion requires that an officer have "a particularized and objective basis for suspecting the particular person stopped" of violating traffic law. *State v. Gonzales-Gutierrez*, 187 Ariz. 116, 118 (1996) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). A trial court analyzes whether reasonable suspicion existed under the totality of the circumstances. *See State v. Teagle*, 217 Ariz. 17, 22, ¶ 19 (App. 2007).

**¶10**     In reviewing whether officers lacked reasonable suspicion for an investigatory stop, we apply a unique form of *de novo* review "defer[ing] to the inferences drawn by the trial court and the officers on the scene, not just the trial court's factual findings." *State v. Evans*, 235 Ariz. 314, 317, ¶ 8 (App. 2014) (quoting *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013)). But we also defer to the trial court's determination of "the reasonableness of the inferences drawn by the officer." *State v. Moreno*, 236 Ariz. 347, 350, ¶ 5 (App. 2014). A mistake of fact made by an officer may still lead to reasonable suspicion, so long as the mistake "was an objectively reasonable one." *Id.* at 351–52, ¶ 10 (App. 2014). In determining whether a mistake was reasonable, "[w]e do not examine the subjective understanding of the particular officer involved." *Heien*, 574 U.S. at 66.

**¶11**     The record on appeal does not contain the dash-camera video, the primary piece of evidence on which the trial court relied, and the State

offered no witnesses. Where evidence is not in the record on appeal, we assume it would support the trial court's decision. *State v. Rivera*, 168 Ariz. 102, 103 (App. 1990); *see also State v. Blackmore*, 186 Ariz. 630, 631 (1996) ("We restrict our review to only those facts the trial court heard at the suppression hearing."). "An appellant has the burden of ensuring the appellate record contains the necessary items for the arguments presented." *State v. Olague*, 240 Ariz. 475, 478, ¶ 7 (App. 2016). Accordingly, we assume the dash-camera video supports the trial court's finding that Haley stopped before entering the intersection. *See Rivera*, 168 Ariz. at 103. Given the trial court's finding, we are left with a mistake of fact on the officer's part that was objectively unreasonable. The officer did not have reasonable suspicion to stop Haley for a traffic violation and the trial court did not err in granting the motion to suppress.

**¶12**　　　　The State argues that the trial court abused its discretion by not accepting the State's invitation to call the officer as a witness at the suppression hearing or by not calling the officer *sua sponte*, and thus did not consider the totality of the circumstances. It was the State's obligation, after Haley had presented a *prima facie* case that he did stop, to prove the lawfulness of the stop by a preponderance of the evidence. Ariz. R. Crim. P. 16.2(b). The State did not offer the officer's testimony on this point. Even so, the State still made the argument, which the court rejected. The court's rejection of the State's argument does not mean that it failed to consider the totality of the circumstances.

## CONCLUSION

**¶13**　　　　We affirm.

